JAMES M. HURN, APPELLANT, V. JOSEPHUS ALTER, APPELLEE.

FILED NOVEMBER 21, 1907. No. 14,969.

Boundaries: EVIDENCE. In determining the boundaries of land, fixed monuments and known corners govern both courses and distances; and, where the existence of the original government corner is established at a certain point by sufficient evidence, its authenticity cannot be overcome by showing that the location is not at the distance from other monuments indicated by the field notes of the original survey.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*W. S. Morlan* and *C. M. Miller*, for appellant.

*R. L. Keester* and *Gomer Thomas*, contra.

CALKINS, C.

In 1871 section 10, town 1, range 18, in Harlan county, was surveyed and subdivided by the government surveyors.

In 1875 W. P. Carr, who had entered the southeast quarter, and Louis Moore, who had entered the northeast quarter, under the homestead laws, employed George C. Reed, then county surveyor, to ascertain and mark the boundaries of their respective tracts. At that time the original monuments of the government survey marking the quarter corners of the boundaries of section 10 were found. Between these quarter corners Mr. Reed established lines east and west and north and south, marking their intersection as the center of the section. Fields were cultivated, and later fences built according to the lines so established, which seem to have been recognized as the true interior boundaries of the four quarters by the proprietors thereof until 1901, when A. Hoffmayer, then county surveyor, was called to resurvey the section. He accepted monuments as marking the original government corners at the northwest, northeast and southeast corners of the section. Finding no monument at the southwest corner, he ran a line between a recognized government corner at the southwest corner of section 15 and the northwest corner of 10 as recognized by him, and, dividing the distance so found, established the southwest corner of 10. He found no quarter corners, but proceeded to establish them by measurements, dividing distances between the section corners so recognized and established by him. He established lines east and west and north and south from these quarter corners, thus marking the interior boundaries of the four quarters, and placed a monument at the intersection of the two lines, in the center, 165 links south and 62 links west of the center corner theretofore recognized and claimed to have been established by the Reed survey in 1875. The adoption of this survey as correct would result in moving the boundaries south and west from where they had been supposed to lie; and the plaintiff, owning a part of the northeast quarter, brought this action against the defendant, owning the northwest quarter, praying to quiet title in the plaintiff to the land lying between these two boundary lines. There was a trial to

the district judge, who found that the land in dispute was a part of the northwest quarter, and, from a judgment rendered upon this finding, the plaintiff appeals.

The rule that fixed monuments and known corners govern both courses and distances, is well established; and, where the existence of an original government corner is established at a certain point by sufficient evidence, its authenticity cannot be overcome by a showing that the location is not at the distance from other monuments, indicated by the field notes of the survey. The interior boundaries of the four quarters of a section are not marked upon the government survey, but they are ascertained by establishing a right line between the quarter corners on the east and west and the north and south of the section, the point of intersection of these lines marking the center of the section. The real question in determining the interior boundaries of a section is the location of the original quarter corners. If they can be established, the boundaries are to be determined from their location. If they are lost and cannot be determined, they may be ascertained by surveying from the nearest known points and dividing distances. In this case it is contended by the plaintiff that these original quarter corners are lost, and that the surveyor Hoffmayer properly established them by measuring from the nearest known corners and dividing distances. On the other hand, it is contended by the defendant that, while the government survey was comparatively new, and while each quarter corner was visible, the interior lines were surveyed by Mr. Reed in accordance with the original monuments at the quarter corners, and the center of the section established; that the then occupants of the land began the cultivation thereof according to these lines, and afterwards built fences thereon; and that in this manner the location of the original government quarter corners has been preserved and is established by the evidence. The witness Carr entered as a homestead the southeast quarter, and he, with one Moore who entered the northeast quarter, procured the Reed sur-

vey to be made. He identifies the location of the lines and corners down to a period subsequent to the building of the fences, and from that time to the bringing of the action the identity of their location is sufficiently established. If the witnesses were to be believed, and their memories to be trusted, there was sufficient evidence from which to find that these fences marked the original boundaries of these tracts according to the original government quarter corners. This was the finding of the trial judge, which is supported, as we think, by the preponderance of the evidence and should not be disturbed.

In view of the conclusion at which we have arrived, it is unnecessary to consider the question of adverse posesssion or acquiescence raised by defendant.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.